IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
4:09-CR-32-BO

UNITED STATES OF AMERICA,            )
                                     )
                                     )
v.                                   )          **ORDER**
                                     )
MONROE HAROLD SMITH,                 )
        Defendant                    )

This matter is before the Court on a letter from defendant Monroe Harold Smith, which

the Court construes as a pro se motion for jail credit. [DE 78]. The government responded on

April 15, 2015. [DE 80]. For the following reasons, Mr. Smith's motion is denied.

BACKGROUND

On November 29, 2005, Mr. Smith was sentenced by the United States District Court for

the District of Maryland to a 37-month term of imprisonment in the Bureau of Prisons (BOP) for

possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He served his

sentence and was released to a three-year term of supervised release on May 2, 2008. On

December 3, 2008, Mr. Smith's supervision was transferred from the District of Maryland to the

Eastern District of North Carolina. Mr. Smith was arrested on March 10, 2009, in Baltimore

County, Maryland, on a North Carolina state warrant for suspicion of bank robbery. Following

his arrest on the outstanding North Carolina warrant, Mr. Smith was charged by Maryland state

authorities with possession with intent to distribute a controlled substance and possession of

marijuana. The United States Marshals Service (USMS) then lodged a detainer with the

Baltimore County Detention Center, where Mr. Smith was being held. While still in Maryland,

Mr. Smith was indicted in the Eastern District of North Carolina for bank robbery in violation of

18 U.S.C § 2113(a). On June 22, 2009, Mr. Smith was sentenced by the Baltimore County

Circuit Court to a 103-day prison term for the possession of marijuana charge, and he was credited with time served. The following day, he was released from the Baltimore County Detention Center to the USMS and transferred to the Eastern District of North Carolina, where he pled guilty to bank robbery before this Court on April 5, 2010. On September 10, 2010, this Court sentenced Mr. Smith to 72 months' imprisonment on the bank robbery charge to run consecutive to a 24 month sentence on the supervised release violation.

The BOP computed Mr. Smith's sentence by aggregating the two sentencings, resulting in a 96-month sentence to commence on September 10, 2010—the day Mr. Smith was sentenced. He was given 444 days of prior jail credit from June 23, 2009 to September 9, 2010, representing the time spent in federal custody prior to his sentencing.

## DISCUSSION

The Court must begin by properly characterizing this Motion. It cannot be construed as a motion under 28 U.S.C. § 2255 because defendant does not challenge the imposition of sentence, but rather challenges the manner in which the sentence has been executed. *See* 28 U.S.C. § 2255(a); *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241–42 (3d Cir. 2005). Further, this motion cannot be construed as a second motion pursuant to Rule 36 of the Federal Rules of Criminal Procedure, because Rule 36 only permits correction of clerical errors and does not allow a sentence to be substantively altered. *See* Fed. R. Crim. P. 36; *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996); *United States v. Lightner*, 266 F. App'x 240, 241–42 (4th Cir. 2008). Because this Court does not perceive any clerical errors in defendant's sentence, and defendant does not argue that a clerical error exists, Rule 36 has no application here.

Therefore, this Motion is construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, as the proper method of challenging prior custody credit. *See Reno v. Koray*, 515 U.S. 50, 52–53 (1995). A § 2241 must be filed in the district that has *in personam* jurisdiction over the petitioner. *See Romandine v. United States*, 206 F.3d 781, 736 (7th Cir. 2000); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). While defendant is currently incarcerated at the Federal Correctional Institution at McDowell, West Virginia, at the time he filed and when the government responded, he was located in Butner, North Carolina, which is within this Court's jurisdiction. Accordingly, the Court construes Mr. Smith's motion as a § 2241. That statute, however, vests the authority to grant pre-sentencing jail credit to the Federal Bureau of Prisons, not to the sentencing court. *United States v. Wilson,* 503 U.S. 329, 333 (1992); *United States v. Burcham*, 91 F. App'x 820, 821 (4th Cir. 2004). Accordingly, this Court has no jurisdiction to grant the relief Mr. Smith seeks, so his Motion must be denied.

## CONCLUSION

For the foregoing reasons, Mr. Smith's Motion is DENIED.

SO ORDERED, this __/ꟻ__ day of May, 2015.

_Terrence Boyle_

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE